UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY FARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-00327-CDP |
| | ) |
| ST. LOUIS COUNTY JUSTICE CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Anthony Farr to proceed in the district court without prepaying fees and costs. The Court will grant the application and assess an initial partial filing fee of $43.02. Additionally, after initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss this action for failure to state a claim upon which relief may be granted.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an uncertified account statement from the Missouri Department of Corrections for the six-month period preceding this action. Based on this account statement, the Court finds plaintiff has an average monthly deposit of $215.09. The Court will assess an initial partial filing fee of $43.02, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging civil rights violations against the following defendants: the St. Louis County Justice Center, attorney Patrick Scott Kilgore, Judge Kristine A. Kerr, and prosecutor Stephen M. O'Brien. He sues Judge Kristine A. Kerr and Patrick Scott Kilgore in both their individual and official capacities. He does not allege in what capacity he sues Stephen M. O'Brien.

Plaintiff's case arises out of his criminal prosecution in St. Louis County for one count of murder in the first degree, two counts of armed criminal action, and one count of unlawful use of a weapon. *See Missouri v. Farr*, No. 19SL-CR06748-01 (filed Jan. 15, 2020) (St. Louis County). On April 19, 2022, plaintiff pled guilty to all four counts. On June 17, 2022, the state court sentenced plaintiff to 22 years on each of the four counts, to run concurrently.

Plaintiff claims that in his state court criminal proceeding, his attorney Patrick S. Kilgore and Judge Kristine A. Kerr violated his constitutional rights by denying him his right to a speedy trial, his due process rights, and by waiving his preliminary hearing without consent. He states Judge Kerr and Kilgore ignored his motions for a speedy trial. He states Kilgore violated and manipulated him to take a plea bargain. He adds that Kilgore "failed to adequately prepare for my innocence."

While he has been incarcerated, plaintiff has gotten into fights and has seen other inmate-on-inmate violence. For his injuries, he states he has bruised knuckles, hernia, hernia repair. He also states his life is in danger. Without any factual details, plaintiff states he has been subjected to "fraud and swindling, theft, false identity, cruel and unusual punishment, slander, human trafficking, hostage holding, trespassing, invasion of privacy, pain and suffering, unlawful involuntary servitude, inadequate counsel assistance, [and] forced to live in an unsafe environment."

For damages, plaintiff asks the Court to dismiss his sentence of 22 years. He also seeks $100 million dollars in damages.

## Discussion

*(a)   Defendants St. Louis County Justice Center, St. Louis County, and Prosecutor Stephen M. O'Brien*

Although plaintiff has listed as defendants the St. Louis County Justice Center, St. Louis County, and Prosecutor Stephen M. O'Brien in the caption of his complaint, he has made no allegations against these defendants in the body of his complaint.

Liability in a 42 U.S.C. § 1983 case is personal. Simply placing a defendant's name in the caption is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in the complaint, and who were not alleged to have been personally involved in the constitutional violations).

The Court will dismiss defendants the St. Louis County Justice Center, St. Louis County, and Prosecutor Stephen M. O'Brien because plaintiff has made no factual allegations against them.

*(b)   Defendant Judge Kristine A. Kerr*

Plaintiff alleges that Judge Kristine A. Kerr has violated his constitutional rights by denying him his right to a speedy trial, denying his due process rights, and by waiving his preliminary hearing. These claims are barred by the doctrine of judicial immunity.

Judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they are vested, and to act upon their own convictions. *See Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v.*

*Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice").

Judge Kerr is entitled to judicial immunity in this § 1983 action, and therefore the Court will dismiss her from this action.

*(c)     Defendant Patrick Scott Kilgore*

Defendant Patrick Scott Kilgore was plaintiff's defense attorney in his underlying state court criminal case. Plaintiff alleges Kilgore violated his constitutional rights by denying him his right to a speedy trial, denying his due process rights, manipulating him to agree to the plea deal, and "schem[ing] [him] out of $15,000." Because plaintiff's defense attorney did not act under of color of state law, he cannot be liable for any violation of plaintiff's constitutional rights under § 1983.

"The essential elements of a [42 U.S.C.] § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020). However, a defense attorney, whether appointed or retained, does not act under color of state law, and thus cannot be liable for the alleged deprivation of constitutional rights under 42 U.S.C. § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983").

The Court will dismiss defendant Patrick Scott Kilgore from this action.

      (d)    *Plaintiff Cannot Challenge Under § 1983 the Fact or Duration of His State Court Sentence*

Finally, to the extent plaintiff seeks to have his state court sentence overturned, "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (explaining that Supreme Court "has held that a prisoner in state custody cannot use a [42 U.S.C.] § 1983 action to challenge the fact or duration of his confinement"); *Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release).

Because plaintiff cannot use §1983 to challenge the fact or duration of his state court sentence, this action will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $43.02 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [ECF No. 2]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of June, 2024.

                                        CATHERINE D. PERRY
                                        UNITED STATES DISTRICT JUDGE